## LEDERER v. HANNES.

(Supreme Court, Appellate Term. December 21, 1905.)

NEW TRIAL—SURPRISE.

Where defendant was notified on June 2d to produce certain checks at the trial, which occurred June 26th, he was not entitled to a new trial on the ground of surprise at plaintiff's evidence as to such checks, which he desired to present at the new trial to controvert plaintiff's evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 193.]

Appeal from City Court of New York.

Action by Henry Lederer against Lazarus Hannes. From an order denying his motion for a new trial, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Louis Levy, for appellant.

Sigmund Horkimer, for respondent.

BISCHOFF, J. The issue in this action, brought for goods sold and delivered, was whether the defendant was a partner of one Weinstock, and the proof to support the verdict for the plaintiff consisted of the testimony of the plaintiff's assignor (one Weinstein) to an admission of the fact of parnership by the defendant, and, further, to the effect that he had received two checks from the defendant in part payment for the goods in suit. Upon the conflict of testimony presented by the defendant's denial of the asserted admission of a partnership and of his payments to Weinstein, the jury found for the plaintiff, and this motion was made upon a case and upon affidavits showing that the checks referred to in Weinstein's testimony were not drawn to his order, and that they represented payments in no way connected with the sale of the goods in suit; further, that the defendant could prove statements made by the seller (Weinstein) to Mrs. Weinstock (the widow of the defendant's alleged partner) inconsistent with Weinstock's testimony.

It appears to us that the motion was properly denied. The trial took place June 26, 1905, and by notice to produce dated June 2d the defendant was apprised of the plaintiff's contention that Weinstein had received check payments, at a period sufficiently defined and in amounts represented by characteristic and uneven figures. The defendant had ample time and facilities for identifying these items and for the discovery of the very checks which he now seeks to put in evidence; the amounts being exactly as described, and the indorsement by Weinstein rendering the identification most simple. His election to go to trial without availing himself of this obvious warning to prepare himself was necessarily at his own risk.

Again, there seems to have been no reason why, in the ordinary preparation for trial, Mrs. Weinstock should not have been consulted as to her knowledge of payments made to the plaintiff's assignor by her deceased husband, to whom defendant claimed the goods were sold. She was certainly a person having some probable knowledge, and no reasonable excuse is presented for the defendant's failure to discover the fact of her knowledge until the plaintiff's evidence was given at the trial.

The order is therefore affirmed, with costs and disbursements. All concur.